IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN BALSLEY,

                Plaintiff,

v.

DELTA STAR EMPLOYEE STOCK OWNERSHIP PLAN, et al.,

                Defendants.

NO. C09-2952 TEH

ORDER RE: DEFENDANTS' MOTION TO DISMISS

      The Court has reviewed the parties' written arguments on Defendants' pending motion to dismiss. Defendants correctly observe that Plaintiff relies on the wrong legal standard governing such motions: "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court has held that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). More recently, the Supreme Court explained that:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*,] 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556,

       127 S. Ct. 1955.  The plausibility standard is not akin to a
       "probability requirement," but it asks for more than a sheer
       possibility that a defendant has acted unlawfully.  *Ibid.*  Where a
       complaint pleads facts that are "merely consistent with" a
       defendant's liability, it "stops short of the line between possibility
       and plausibility of 'entitlement to relief.'"  *Id.*, at 557, 127 S. Ct.
       1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  By relying on *Conley*, Plaintiff appears not to have given the necessary consideration to *Twombly* or *Iqbal* in opposing Defendants' motion.  In addition, Plaintiff urges the Court to consider a document outside the complaint, which is permissible on a motion to dismiss only in circumstances not present here.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (in reviewing a motion to dismiss, a court may not consider material outside the pleadings except for exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions).

  In light of Plaintiff's reliance on an incorrect legal standard, it would be a waste of judicial resources to evaluate Defendants' motion to dismiss on the present record.  Accordingly, with good cause appearing, IT IS HEREBY ORDERED that the October 5, 2009 motion hearing is VACATED.  Plaintiff shall consider the proper legal standard and file either a revised opposition brief or an amended complaint on or before **October 9, 2009.**  If Plaintiff opts to file a revised opposition brief, then Defendants shall file a revised reply on or before **October 23, 2009**, and the hearing will be scheduled for **November 16, 2009, at 10:00 AM.**

  Defendants also argue in their reply papers that Plaintiff's allegations fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  However, as Plaintiff correctly observes, Defendants failed to raise this argument in their moving papers.  The Court therefore will not consider any arguments related to Rule 9(b) on this motion.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Nonetheless, Plaintiff's counsel shall evaluate whether Rule 9(b) applies to any of Plaintiff's claims as they consider whether to file a revised opposition or an amended complaint.

2

1    The Court reminds Plaintiff's counsel to be mindful of Rule 11 of the Federal Rules of
Civil Procedure as they review the sufficiency of the complaint under the governing standard
and determine whether to continue to oppose the motion to dismiss or to file an amended
complaint.

**IT IS SO ORDERED.**

Dated:   09/23/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT